UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.  3:20-cr-126-4 (OAW) |
| | : | |
| DIOMIE BLACKWELL | : | |
| | : | |

### ORDER DENYING SENTENCE REDUCTION

**This action** is before the court upon a Motion to Reduce Sentence ("Motion") filed by Diomie Blackwell.  ECF No. 609.  The court has reviewed the Motion, the supplement to the Presentence Investigation Report provided by the United States Probation Office, ECF No. 612, and the government's response thereto, ECF No. 613. For the reasons discussed herein, the Motion is **DENIED.**

On October 4, 2021, Mr. Blackwell pleaded guilty to Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d).  *See* Plea Agreement 1–2, ECF No. 314.  In the plea agreement, the parties had stipulated that Mr. Blackwell was a member and/or associate of the Greene Homes Boys ("GHB") and that, as part of the organization, he engaged in a conspiracy to traffic narcotics, and to retaliate against opposition gang members (to include causing permanent or life-threatening bodily injury through the attempted murder of numerous people).  *See id.* at 4 (stipulating also to the quantity of narcotics for which Mr. Blackwell was responsible).

At a sentencing hearing that took place on March 24, 2022, *see* Minute Entry, ECF No. 484, the court (*Hon. Janet Bond Arterton, J.*) imposed a sentence of 180 months in prison, followed by three years of supervised release.  *See* Judgment 1, ECF No. 486.

The sentencing terms reflected a downward variance from the range suggested by

1

the United States Sentencing Commission Guidelines ("Guidelines").  *See* Statement of Reasons 3, ECF No. 538.  The sentencing court had adopted the Presentencing Report without change, *see id.*, which had identified a total offense level of 38 and Mr. Blackwell's criminal history category to be III.  *See* Presentence Report ("PSR") 20, 22, ECF No. 442.  For a total offense level of 38 and a criminal history category of III, the Guidelines suggest a sentencing range of 292 to 365 months.  *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A, Sentencing Table (U.S. Sent'g Comm'n 2023) ("U.S.S.G.").  However, the statutory maximum for this offense is twenty years (240 months) in prison. 18 U.S.C. § 1963(a).  Because "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range," the statutorily authorized maximum operated as the guideline sentence.  U.S.S.G § 5G1.1.

Since this sentencing, the United States Sentencing Commission has introduced Amendment 821, which is retroactive.  *See* U.S.S.G. § 1B.10.  It includes a new § 4C1.1, which reduces by two the offense level of a defendant who has no criminal history points and whose offense does not involve certain aggravating factors.  Additionally, § 4A1.1(e) replaces portions of §4A1.1(d), and it changes the way a defendant's criminal history category is calculated.  *See* U.S.S.G. § 4A1.1(e).

Mr. Blackwell now asserts that he is eligible for a reduction of his term of imprisonment pursuant to Amendment 821, and he asks the court to reduce his sentence.  *See* Mot. to Reduce Sentence, ECF No. 609.  The government and the United States Probation Office, however, agree that Mr. Jones is not eligible for such reduction.

Whether to apply a retroactive Guidelines amendment to a particular sentence is neither routine nor automatic.  Rather, courts must arrive at two conclusions before

reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010); U.S.S.G. § 1B1.10.

The court first applies the new Guidelines to the defendant's circumstances at the time of sentencing.  U.S.S.G. § 1B1.10(b).  To start, the court looks to the criminal history calculation.  The amended terms instruct the court to "add 3 points for each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1.  Mr. Blackwell had only a single conviction applicable for this calculation, the imprisonment for which exceeded one year and one month.  *See* PSR 21, ECF No. 442.  With no other applicable criminal history, three points are added for this determination, which means that his criminal history is II under Amendment 821.  *See* U.S.S.G. ch. 5, pt. A, Sentencing Table.  Moving on, the court looks to the total offense level calculation.  Amendment 821 introduced adjustments for "zero-point offenders" who meet certain criteria.[1]  Mr.

---

[1] Defendant must meet all of the following criteria:

    1) The defendant did not receive any criminal history points from Chapter Four, Part A;
    2) The defendant did not receive an adjustment under §3A1.4 (Terrorism);
    3) The defendant did not use violence or credible threats of violence in connection with the offense;
    4) The offense did not result in death or serious bodily injury;
    5) The instant offense of conviction is not a sex offense;
    6) The defendant did not personally cause substantial financial hardship;
    7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    8) The instant offense of conviction is not covered by §2H1.1(Offense Involving Individual Human Rights);
    9) The defendant did not receive an adjustment under §3A1.1(Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
    10) The defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined at 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

Blackwell does not satisfy even the first of these requirements because he has a prior criminal conviction. Therefore, the total offense level remains at 38.

In conclusion, the application of Amendment 821 yields a criminal category of II and total offense level of 38. For those in this category, the Sentencing Guidelines recommend between 262 and 327 months of imprisonment. This means that even the adjusted guidelines range exceed the statutory maximum of twenty years (240 months) in prison. *See* 18 U.S.C. § 1963(a). For this reason, the statutorily authorized maximum sentence remains the guideline sentence. U.S.S.G § 5G1.1.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ." 18 U.S.C. § 3582(c)(2). However, the court may not reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if the amendment to the United States Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range . . . ." U.S. Sent'g Guidelines Manual § 1B1.10 cmt. application note 1(A). Because Amendment 821 does not reduce the Guidelines range for Mr. Blackwell, the court lacks authority to reduce the present sentence under such claimed justification.

Accordingly, it hereby is **ORDERED AND ADJUDGED** that the Motion is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 8th day of February, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE